IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI

IN THE MATTER OF:                                    CHAPTER 13 CASE NO.:

LILLIE FAULKNER and                                  18-14375-JDW
THOMAS POPLAR

## RESPONSE TO MOTION TO MODIFY
## CHAPTER 13 PLAN AFTER CONFIRMATION

COMES NOW Locke D. Barkley, Chapter 13 Trustee, by and through counsel, and files this response to the Debtors' Motion to Modify Chapter 13 Plan After Confirmation (Dkt. #28) (the "Motion") and in support states as follows:

1. The Debtors initiated this proceeding with the filing of a voluntary petition on November 4, 2018.

2. The Debtors filed their Schedules I and J (Dkt. #1) which reflected disability-based income in the amount of $1,500.00, as alleged in the Motion, and a monthly net income of $2,701.49. The current plan payment is $350.50 per week or $1,518.83 per month. The Debtors are current on all plan payments.

3. The original Chapter 13 plan (Dkt. #2) included a 100% distribution to nonpriority unsecured claims. An amended Chapter 13 plan (Dkt. #8) and a second amended Chapter 13 plan (Dkt. #9) were filed on November 6, 2018, and both included the same distribution to nonpriority unsecured claims.

4. The second amended Chapter 13 plan (the "Plan") was confirmed by order on January 24, 2019 (Dkt. #25). After the passing of the deadlines for the filing of claims, the timely filed and allowed nonpriority unsecured claims totaled $16,650.10. The plan payment was set at $305.50 per week.

5. On September 27, 2019, Credit Acceptance Corp amended its Proof of Claim (Clm. #1) to the amount of $8,865.06 which represented the deficiency balance remaining after the liquidation of its collateral which was surrendered in the Plan.

6. The additional claim and the 100% distribution to nonpriority unsecured claims required that the plan payment increase from $305.50 per week to $350.50 per week.

7. Since the filing of the original plan through confirmation of the Plan, the Debtors always proposed a 100% distribution to nonpriority unsecured claims. The Debtors have stated no basis for any change in income which would justify modifying the distribution to nonpriority unsecured claims.

8. The Trustee requests that the Motion be denied.

WHEREFORE, PREMISES CONSIDERED, Locke D. Barkley, Chapter 13 Trustee, prays that upon notice and hearing that this Court enter its order denying the Debtor's Motion and for such other relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: November 5, 2019

        Respectfully submitted,
        LOCKE D. BARKLEY, TRUSTEE

        BY: /s/ W. Jeffrey Collier
        W. JEFFREY COLLIER, ESQ.
        Attorney for Trustee
        6360 I-55 North, Suite 140
        Jackson, Mississippi 39211
        (601) 355-6661
        ssmith@barkley13.com
        MSB No. 10645

## **CERTIFICATE OF SERVICE**

      I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

      Dated: November 5, 2019

                                        /s/ W. Jeffrey Collier
                                        W. JEFFREY COLLIER